ALDERMAN, Chief Judge.
In this eminent domain action the defendant-landowner appeals from the trial court’s order granting the State’s motion for new trial. We conclude that the ground upon which the motion was granted is legally insufficient, and we reverse.
During the trial both sides presented expert witnesses, who testified as to the value of the property to be taken and the amount of severance damages. The first witness was the landowner’s expert. He began to testify, but before he reached the question of damages, the landowner’s attorney noticed that the State’s expert was sitting in the courtroom. At that point the landowner’s attorney “invoked the rule” and the judge ordered all witnesses to remain outside the courtroom and not discuss any testimony.
The new trial was granted on the following ground:
The Court erred in granting the Motion by the Defendant to invoke the “Rule” to exclude witnesses from the Courtroom after the Jury was sworn, and subsequent to the Defendant’s expert witness beginning testimony, over the objection of the Plaintiff, to the prejudice of the State in the presentation of the case.
The motion for new trial was based on the theory that sending the State’s expert from the courtroom after the landowner’s expert had begun to testify gave the jury the impression that the State’s expert was doing something wrong, thus damaging his credibility.
The trial court’s initial decision to invoke the rule was not an abuse of judicial discretion. Although the preferred time to request the exclusion of witnesses is before any witness has testified, the benefit of sequestration (as an aid in detecting inconsistencies and fabrications) is too great to automatically deny exclusion simply because the request is made after commencement of testimony at the trial. Derrickson v. State, 321 A.2d 497 (Del.1974); 6 Wigmore on Evidence § 1840 (3d Ed.). There is no legal basis to conclude that sequestration of the witnesses in this case had a prejudicial effect on the minds of the jurors. The possible psychological effect of a correct procedural ruling is not a sufficient ground for a new trial.
Reversed and remanded with directions that judgment be entered for the landowners pursuant to the jury’s verdict.
*367 REVERSED and REMANDED with directions.
DOWNEY and LETTS, JJ., concur.